**PRICE LAW GROUP, APC**
David A. Chami, AZ #027585
1204 E Baseline Rd., Suite 102
Tempe, AZ 85283
P: 866-881-2133
Fax: 866-401-1457
david@pricelawgroup.com
*Attorney for Plaintiff Vicki Everts*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| VICKI EVERTS,<br><br>        Plaintiffs,<br>    vs.<br><br>PMR PROGRESSIVE, LLC;<br>CORELOGIC CREDCO, LLC; and<br>EXPERIAN INFORMATION<br>SOLUTIONS, INC.<br><br>        Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br><br>1. THE FAIR CREDIT REPORTING ACT [15 USC § 1681 et. seq.];<br><br>2. THE FAIR DEBT COLLECTION PRACTICES ACT [15 USC 1692 et. seq.] |

## **INTRODUCTION**

1. Vicki Everts ("Plaintiff") brings this action to secure redress from PMR Progressive, LLC ("PMR"), CoreLogic Credco, LLC ("CoreLogic"), Experian Information Solutions Inc. ("Experian") (herein collectively as "Defendants") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et. seq., the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et. seq., and their agents for their illegal reporting on Plaintiffs credit report and in their illegal efforts to collect an alleged consumer debt from Plaintiff.

COMPLAINT                                          1

## PARTIES

2. Plaintiff Vicki Everts (hereinafter "Plaintiff") is a consumer, a natural person allegedly obligated to pay a debt, and a citizen of the United States of America who presently resides in Maricopa County, Arizona.

3. Defendant, PMR engages in the practice of furnishing consumer information to consumer reporting agencies, and is therefore a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(a) & (b).  In addition, Defendant PMR engages in the practice of collecting debt as defined in 15 U.S.C. 1692a(6). PMR's principle place of business is located in California. PMR regularly transacts business throughout the United States including Arizona. Defendant PMR can be served through its registered agent at 22801 Ventura Blvd., Suite 204, Woodland Hills California 91364.

4. Defendant, CoreLogic is a *reporting agency*, as defined in 15 USC 1681a(f). On information and belief, Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 USC 1681a(d), to third parties. CoreLogic can be served through its registered agent Corporation Service Company at 2338 W Royal Palm Rd., Suite-J, Phoenix Arizona 85021.

COMPLAINT                                                2

5. Defendant, Experian is a *credit reporting agency*, as defined in 15 USC 1681a(f). On information and belief, Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 USC 1681a(d), to third parties. Experian can be served through its registered agent CT Corporation System located at 3800 N Central Ave., Suite 460, Phoenix Arizona 85012.

6. On information and belief, Defendants CoreLogic and Experian disburse the *consumer reports* to third parties under contract for monetary compensation.

7. At all relevant times, Defendants acted through duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION

8. The District Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. 1681.

9. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Because Defendants transact business here, personal jurisdiction is established.

## FACTUAL ALLEGATIONS

10. On March 31, 2009, Plaintiff and her husband Charles Everts filed Chapter 7 Bankruptcy in the Central District of California: Case number 1:09-bk-13579.

11. On September 29, 2009, Plaintiff and her husband received a discharge of their Chapter 7 Bankruptcy.

12. The Bankruptcy resulted in no payments made to unsecured creditors and a complete discharge of all unsecured debts (*see attached Exhibit A*, discharge of debtor).

13. Defendant PMR was a debt collector who was listed in Plaintiffs Bankruptcy Schedule *(see attached Exhibit B*, Creditor Matrix).

14. In or around 2013, Plaintiffs adult daughter was killed, leaving four orphaned children. As a result, Plaintiff and her husband became legal guardians and caregivers for their four young grandchildren.

15. Due to the unexpected loss of her daughter and her new found duty for her grandchildren, Plaintiff decided that it would be necessary to purchase a home.

16. In 2014 Plaintiff attempted to obtain a pre-approval to purchase a new home.

17. Plaintiff learns that due to inaccurate reporting by PMR of a debt that was included in her 2009 bankruptcy, Plaintiff would be unable to obtain a mortgage.

COMPLAINT                                    4

18. In or around May 2014, Plaintiff submitted a dispute to Defendant Experian relating to the PMR account.

19. Plaintiff explained that the PMR account was a debt that was discharged in her bankruptcy.

20. Experian failed to take any action based on Plaintiffs dispute and the debt remained on her credit report.

21. In or around May 2014, Plaintiff submits a written dispute to defendant CoreLogic wherein she explains that the debt from PMR had been discharged in her Chapter 7 bankruptcy. Plaintiff attached a copy of her discharge and notice of Bankruptcy filing to support her dispute that the debt was not valid.

22. In response to Plaintiffs dispute, on June 24 2014, CoreLogic provided Plaintiff with their reinvestigation results stating that they verified the reporting of the PMR debt through Experian.

23. Upon information and belief, Defendants failed to conduct any meaningful investigation of Plaintiffs disputes.

24. As a result of Defendants failure to adequately investigate Plaintiffs dispute, Plaintiff was forced to pay defendant PMR $477.00 so that she could have her mortgage application approved (*see attached Exhibit C*, copy of cancelled check).

COMPLAINT                                    5

25. The $477.00 paid to PMR was a debt that had been discharged in her Bankruptcy.

26. The collection efforts of PMR caused Plaintiff extreme emotional distress and mental anguish.

27. The Defendants failure to accurately report the PMR debt caused Plaintiff extreme emotional distress and mental anguish.

## FIRST CAUSE OF ACTION
**Defendant PMR**
**Violations of the FCRA, 15 U.S.C. § 1681 *et. seq.***

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The FCRA requires a furnisher such as PMR, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

30. PMR has provided inaccurate information to the credit reporting agencies.

COMPLAINT 6

31. Plaintiff notified Defendants CoreLogic and Experian that her report concerning Defendant PMR was inaccurate. Thereafter, the credit reporting agencies notified Defendant PMR that Plaintiff was disputing the information it had furnished to the credit reporting agencies.

32. Defendant PMR violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(a), (b):

    (a)    Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiffs disputed;

    (b)    Willfully and negligently failing to review all relevant information concerning Plaintiffs mortgage;

    (c)    Willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

    (d)    Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

    (e)    Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiffs;

(f) Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning both Plaintiffs to the credit reporting agencies; and

(g) Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(a), (b).

33. Defendant PMR's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief, permitted by 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION

**Defendant PMR**
**Violations of the FDCPA, 15 USC 1692 *et. seq.***

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The FDCPA provides that a "debt collector may not use any false, deceptive, or misleading representation or means with the collection of any debt." 15 U.S.C. § 1692e. Furthermore, a debt collector will be found in violation if the

following conduct is determined: a false representation of "the character, amount, or legal status of any debt" 15 U.S.C. § 1692e(2)(a).

36. From the date of January 2014 till on or around June 2015, Defendant PMR continued to report a balance to all three major credit reporting agencies in an attempt to collect a debt from both Plaintiffs.

37. Defendant PMR's reporting of the balance was a false representation of amount and legal status of the debt.

38. Defendant PMR's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief, permitted by 15 U.S.C. § 1692k.

39. Defendant PMR violated 15 U.S.C. 1692e(2(a) by sending collection letters and calling Plaintiff demanding payment for a debt that was not owed.

### THIRD CAUSE OF ACTION

**Defendants CoreLogic and Experian**
**Violations of the FCRA, 15 U.S.C. § 1681** *et. seq.*

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The FCRA provides that if the completeness or accuracy of any item of information contained in a consumer's file at a *consumer reporting agency* is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within thirty (30) days of receiving the consumer's dispute notice. 15 U.S.C. § 1681i(a)(2)(A).

42. The Act further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 U.S.C. § 1681i(a)(2)(A).  In conducting its reinvestigation of disputed information in a consumer report, the credit-reporting agency is required to "review and consider all relevant information submitted by the consumer."

43. The Defendants, credit-reporting agencies, failed to conduct a reasonable reinvestigation of the inaccuracy that the Plaintiff disputed.

44. The Defendants, credit-reporting agencies, failed to review and consider all relevant information submitted by the Plaintiff.

COMPLAINT                                                    10

45. The Defendants, credit reporting agencies, failed to employ and follow reasonable procedures to assure maximum possible accuracy of the Plaintiffs credit reports, information, and file, in violation of 15 U.S.C. § 1681e(b).

46. As a result of the above-described violations of § 1681i and § 1681e(b), Plaintiff has sustained damages.

47. The Defendants, credit-reporting agencies, violations of the FCRA were willful and therefore Plaintiff is entitled to seek statutory and punitive damages.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

A. Actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o and 1692k(1);

B. Statutory damages pursuant to 15 U.S.C. § 1692k(2)(a);

C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o and 1692k(3);

D. Any pre-judgment and post judgment interest as may be allowed under the law; and

E. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

DATED this 8th day of October, 2015,

**PRICE LAW GROUP, APC**

By: */s/David A. Chami*

David A. Chami
*Attorney for Plaintiff Vicki Everts*