**WO**  NOT FOR PUBLICATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Vicki Everts, | No. CV-15-02023-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| PMR Progressive LLC, *et al.*, | |
| Defendants. | |

At issue is Defendant Corelogic Credco, LLC's Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. 18, MTD), to which Plaintiff filed a Response (Doc. 22, Resp.), and Defendant filed a Reply (Doc. 24, Reply). For the reasons set forth below, the Court will deny Defendant's Motion to Dismiss under Rule 12(b)(6). The Court will also set a hearing to address Plaintiff's request for sanctions.

**I.   BACKGROUND**

In considering Defendant's Motion to Dismiss, the Court construes as true Plaintiff's allegations in the Complaint. *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002) (citing *Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996)). Plaintiff Vicki Everts and her husband, Charles Everts, filed Chapter 7 bankruptcy in the Central District of California on March 31, 2009. (Doc. 1, Compl. ¶ 10.) The Evertses received a discharge of their Chapter 7 bankruptcy on September 29, 2009. (Compl. ¶ 11.) The bankruptcy proceeding

resulted in a complete discharge of all unsecured debts and did not result in any payments made to unsecured creditors. (Compl. ¶ 12.)

In 2014, Ms. Everts attempted to obtain pre-approval to purchase a new home. (Compl. ¶¶ 15–16.) Ms. Everts alleges that she was not able to obtain a mortgage because of inaccurate reporting by Defendant PMR Progressive, LLC (PMR) of a debt that was included in her 2009 bankruptcy discharge. (Compl. ¶ 17.) PMR is in the practice of furnishing consumer information to consumer reporting agencies and is engaged in the practice of collecting debts. (Compl. ¶ 3.)

In May 2014, Ms. Everts submitted a written dispute to Defendant Experian Information Solutions, Inc. (Experian), a credit reporting agency. (Compl. ¶¶ 5, 18.) Experian allegedly did not take any action on Ms. Everts's dispute, and the debt remained on Ms. Everts's credit report. (Compl. ¶ 20.) In May 2014, Ms. Everts also submitted a written dispute to Defendant CoreLogic Credco, LLC (Credco), a reporting agency.[1] (Compl. ¶ 21.) Ms. Everts alleges on "information and belief" that Credco is engaged in the business of assembling, evaluating, and disbursing information for the purpose of furnishing consumer reports. (Compl. ¶ 4.) Ms. Everts alleges that Credco and Experian disburse consumer reports to third parties for monetary compensation. (Compl. ¶ 6.)

In the written dispute to Credco, Ms. Everts explained that the debt from PMR had been discharged. (Compl. ¶ 21.) She attached a copy of the discharge and notice of bankruptcy filing to show that the debt was invalid. (Compl. ¶ 21.) On June 24, 2014, Credco responded to Ms. Everts's dispute and confirmed the reporting of the PMR debt through Experian. (Compl. ¶ 22.) Ms. Everts alleges on "information and belief" that Credco failed to conduct a meaningful investigation of her dispute. (Compl. ¶ 23.) Ms. Everts alleges that because of Credco's failure to conduct a meaningful investigation,

---

[1] Ms. Everts refers to Credco as a reporting agency in the Complaint but defines Credco as furnishing consumer reports under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681a(d). (Compl. ¶ 4.) Ms. Everts refers to Credco as a consumer reporting agency in her Response to the Motion to Dismiss. (Resp. at 8.)

she had to pay PMR $477.00, a discharged debt in her bankruptcy, to have her mortgage application approved. (Compl. ¶¶ 24–25.)

On October 8, 2015, about a year after Ms. Everts attempted to obtain pre-approval to purchase a new home and learned that her Chapter 7 bankruptcy had not been reported as discharged, Ms. Everts filed a Complaint in this Court alleging three causes of action, one of which is against Credco.[2] (Compl. ¶¶ 28–47.) The third cause of action alleges that Credco and Experian, in violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681i(a)(2)(A), failed to conduct reasonable reinvestigations to determine whether Ms. Everts's debt information in dispute was accurate, and that Credco and Experian, in violation of 15 U.S.C. § 1681e(b), failed to follow reasonable procedures. (Compl. ¶¶ 40–47.) Credco moved to dismiss for failure to state a claim under Rule 12(b)(6). In her response to the Motion to Dismiss, Ms. Everts concedes that Credco is exempt from obligations under Section 1681i(a)(2)(A) but maintains that Credco violated Section 1681e(b). (Resp. at 3.)

## II.  LEGAL STANDARD

When analyzing a complaint for failure to state a claim for relief under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009), in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations. *Id.* at 555. However, a complaint is properly dismissed if it does not plead

---

[2] The first cause of action alleges PMR provided inaccurate information to the credit reporting agencies in violation of the FCRA, 15 U.S.C. §§ 1681n, 1681o. (Compl. ¶¶ 28–33.) The second cause of action alleges PMR provided a false representation of "the character, amount, or legal status of any debt" in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692e(2)(a). (Compl. ¶¶ 34–39.)

1  enough facts to "state a claim to relief that is plausible on its face." *Id.* at 570; *see In re Cutera Sec. Litig.*, 610 F.3d 1103, 1107 (9th Cir. 2010). The plausibility standard asks for more than a "sheer possibility" of the defendant's alleged unlawful conduct. *Iqbal*, 556 U.S. at 662, 678. A complaint that pleads facts that are "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 678. "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Id.* at 663–64.

The pleading must contain something more than a "bare averment" that the pleader wants compensation and is entitled to it. *Twombly,* 550 U.S. at 555. A complaint must call for enough facts to raise a "reasonable expectation that discovery will reveal evidence of illegal agreement." *Id.* at 556. Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Iqbal*, 556 U.S. at 680, and therefore are insufficient to defeat a motion to dismiss for failure to state a claim. *In re Cutera Sec. Litig.*, 610 F.3d at 1108. Dismissal is proper on a Rule 12(b)(6) motion when (1) there is either no cognizable legal theory or (2) there are insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A well-pled complaint may proceed even if the court concludes that actual proof of the alleged facts is improbable and recovery is unlikely. *Twombly,* 550 U.S. at 556. A plaintiff is entitled to amend the complaint before dismissal if the defective complaint can be cured. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

Generally, a district court may not consider material outside the pleadings when deciding a Rule 12(b)(6) motion. *Lee v. City of L. A.*, 250 F.3d 668, 688 (9th Cir. 2001). To consider outside material would convert a motion to dismiss into a motion for summary judgment. *Id.*; Fed. R. Civ. P. 12(b)(6). There are two exceptions to this general rule: (1) a court may consider material properly submitted as part of the complaint, and (2) a court may take judicial notice of, and properly consider, matters of public record. *Lee*, 250 F.3d at 688.

## III. ANALYSIS

### A. Failure to State a Claim Under Rule 12(b)(6)

Defendant Credco contends that the claims against it should be dismissed for two reasons: (1) Plaintiff fails to allege Defendant is a consumer reporting agency; and (2) Plaintiff fails to allege Defendant prepared a report containing inaccurate information. (MTD at 4); 15 U.S.C. §1681e(b). The Court rejects Defendant's arguments.

#### 1. Consumer Reporting Agency

Defendant contends that Plaintiff fails to state a claim under Section 1681e(b) because Plaintiff does not allege Defendant is a consumer reporting agency. (MTD at 4.) The definition of a consumer reporting agency includes four elements: (1) the company works in exchange for compensation; (2) it regularly assembles or evaluates information about consumers; (3) its purpose in doing so is to furnish consumer reports to third parties; and (4) it utilizes interstate commerce to achieve these aims. *See* 15 U.S.C. § 1681a(f); *McCalmont v. Fed. Nat. Mortg. Ass'n*, No. CV-13-2107-PHX-HRH, 2014 WL 3571700, at *4 (D. Ariz. July 21, 2014); *Zabriskie v. Fed. Nat. Mortg. Ass'n*, 109 F. Supp. 3d 1178, 1183 (D. Ariz. 2014). Plaintiff alleges that Defendant is a reporting agency that is regularly engaged in the business of assembling, evaluating, and disbursing consumer reports to third parties for monetary compensation. (Compl. ¶¶ 4, 6.) Further, Plaintiff alleges that around May 2014, she submitted a written dispute to Defendant, and on June 24, 2014, Defendant provided its reinvestigation results to Plaintiff. (Compl. ¶¶ 21–22.)

Plaintiff's allegations allow the Court to draw reasonable inferences that all four elements of the definition of a consumer reporting agency are satisfied. The Court construes the Complaint in the light most favorable to the non-moving party and takes allegations and reasonable inferences as true. *Walter v. Drayson,* 538 F.3d 1244, 1247 (9th Cir. 2008). Accordingly, the Court finds that Plaintiff has sufficiently alleged that Defendant is a consumer reporting agency as defined under Section 1681a(f).

### 2. Reasonable Reinvestigation

Defendant contends that Plaintiff does not sufficiently allege that it did not conduct a reasonable reinvestigation under Section 1681e(b). (MTD at 4.) Under the Federal Rules' simplified standard for pleading, a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved and could be consistent with the allegations. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002). Under the FCRA, a consumer only needs to allege that the consumer reporting agency prepared an inaccurate report in order to state a claim. *Baker v. Trans Union LLC*, No. CV-10-8038-PHX-NVW, 2010 WL 2104622, at *4 (D. Ariz. May 25, 2010).

Though the Court notes Plaintiff's allegations are not extensively detailed, the Court is not convinced that no set of facts could be proved consistent with the allegations under which no relief could be granted. *See Swierkiewicz*, 534 U.S. at 514. Defendant contends the alleged facts do not provide enough information to show that it did not conduct a reasonable reinvestigation; however, a plaintiff is not required to prove her case in the complaint. *See Iqbal*, 556 U.S. at 677–78. While Plaintiff may not have all the evidence necessary at this point to prove her case, Plaintiff has alleged sufficient facts to state a claim that Defendant did not conduct a reasonable reinvestigation under Section 1681e(b). Because Plaintiff alleged she interacted with Defendant and Defendant's reinvestigation results verified the PMR report that included Plaintiff's discharged debt, the Court can reasonably infer Defendant may not have reasonably conducted the reinvestigation. (Compl. ¶¶ 17, 21–22); *see Drayson,* 538 F.3d at 1247.

Accordingly, the Court finds that Plaintiff has pled sufficient facts to support her claim that Defendant did not conduct a reasonable reinvestigation of her dispute under Section 1681e(b).

### B. Rule 11 Motion for Sanctions

Plaintiff has requested leave to file a Motion for Sanctions under Rule 11 of the Federal Rules of Civil Procedure against Defendant for frivolously filing a Rule 12(b)(6) Motion to Dismiss and seeking a dismissal on "less than meritorious grounds." (Resp. at

- 6 -

11.) Sanctions must be imposed when either, (1) a motion has been filed for an improper purpose, or (2) a motion is "frivolous." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990). The word frivolous refers to a filing that is both baseless and made without a reasonable and competent inquiry. *Id.* The purpose of Rule 11 is to deter baseless or improper filings and to streamline the administration and procedure set forth by the federal courts. *Id.* at 1063; *see Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 748 (9th Cir. 1990).

On October 8, 2015, the Court ordered that the parties must meet and confer prior to filing a motion to dismiss. (Doc. 5.) Defendant filed its Rule 12(b)(6) Motion on November 13, 2015, but it is unclear whether the parties met and conferred and whether Defendant thus frivolously filed its Rule 12(b)(6) Motion. Attached to the Reply, Defendant submitted a chain of emails, which the Court considers for the limited purpose of the sanctions issue. On November 12, 2015, at 2:36 p.m., Defendant's counsel emailed Plaintiff's counsel of its intent to file the Motion to Dismiss the next day. (Doc. 24-1, Ex. A.) In the same email, Defendant's counsel states, "[p]lease let this email serve as our attempt to meet and confer regarding these issues as required by the Court's October 5, 2015 Order."[3] (Doc. 24-1, Ex. A.) Defendant's counsel's first email to Plaintiff's counsel also references an "initial call," however it is unclear whether the parties discussed the Motion to Dismiss during that "initial call." (Doc. 24-1, Exs. A, C.) Additionally, in the email, Defendant's counsel states its understanding that Plaintiff's counsel was checking email although he was travelling. (Doc. 24-1, Ex. A.) Plaintiff's counsel's email response states that he finds Defendant's counsel's previous email, the apparent attempt to meet and confer, did not comply with the Court's Order. (Doc. 24-1, Ex. B.) On November 13, 2015, after submitting the Motion to Dismiss, Defendant filed a Notice of Certification of Conferral. (Doc. 21.)

---

[3] It appears Defendant inadvertently noted the date of the Order as October 5 rather than October 8. (Doc. 24-1, Ex. A.)

- 7 -

The Court's October 8, 2015 Order makes clear there must be a meeting and conferral before filing a motion to dismiss. Because the parties dispute whether they met and conferred in accordance with the Court's Order, yet Defendant filed a Notice of Certification of Conferral, there may be grounds for sanctions under Rule 11. As such, the Court will order a hearing to determine whether the parties met and conferred and if sanctions should be imposed for failure to comply with the Court's October 8, 2015 Order.

**IV.   CONCLUSION**

Plaintiff Ms. Everts has stated a claim under Rule 8(a)(2) of the Federal Rules of Civil Procedure alleging that Defendant Credco, a consumer reporting agency, failed to conduct a reasonable reinvestigation under 15 U.S.C. § 1681e(b).

IT IS THEREFORE ORDERED denying Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 18).

IT IS FURTHER ORDERED that a telephonic hearing regarding Rule 11 sanctions is set for Wednesday, April 6, 2016 at 10:00 a.m. (Arizona time) before District Judge John J. Tuchi. Chambers will email the parties dial-in information prior to the hearing.

Dated this 29th day of March, 2016.

Honorable John J. Tuchi
United States District Judge